UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Roger Murray and Judith Murray, ) | Civil Action No.: 4:15-cv-00191-RBH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| D.R. Horton, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This lawsuit stems from an accident where an electric cooking range tipped over, causing a pot of boiling water to spill and severely burn Plaintiff Roger Murray. He and his wife, Plaintiff Judith Murray, filed this action in the Court of Common Pleas for Horry County, South Carolina, on December 9, 2014. ECF No. 1-1 at 4-20. Defendant D.R. Horton, Inc. was served on December 15, 2014, removed the action to federal district court based on diversity of citizenship on January 14, 2015, and filed an answer the same day. ECF Nos. 1 & 4. Defendant filed an amended answer on April 27, 2015, after being granted leave to do so by this Court. *See* ECF Nos. 22 & 23. Defendant filed a motion for summary judgment on June 26, 2015. ECF No. 27. Plaintiffs filed a response in opposition on July 13, 2015, and Defendant filed a reply to Plaintiffs' response on July 23, 2015. ECF Nos. 28 & 29. The matter is now before the Court for resolution of Defendant's motion for summary judgment.[1]

**Summary Judgment Standard**

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407,

---

[1]   Under Local Civil Rule 7.08 for the District of South Carolina, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The Court has reviewed the briefs and determined a hearing is unnecessary.

413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt

believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## **Facts**[2]

Plaintiffs Roger and Linda Murray contracted with Defendant D.R. Horton, Inc. for the construction and purchase of a new single-family residence located at 223 Marbella Drive in Murrells Inlet, South Carolina.[3]  Complaint, ECF No. 1-1 at ¶ 6-7.  New kitchen appliances were installed during construction, including an electric stove/oven cooking range. *Id.* at ¶ 7; ECF No. 28 at 5.  After the range was installed, it remained in the same condition and location, and Plaintiffs never moved it. Complaint at ¶ 12.

On November 26, 2014, in preparation for their Thanksgiving meal, Plaintiffs were boiling water in a pot atop the stove. *Id.* at ¶ 9.  Mr. Murray noticed the oven light was no longer working, so he opened the oven door to replace the lightbulb. *Id.* at ¶ 9-10.  While Mr. Murray was leaning inside the oven to install the bulb, the range tipped forward, causing the pot atop the stove to overturn and spill boiling water on his body. *Id.* at ¶ 10.  He sustained severe burns, including third-degree burns covering at least fifteen percent of his body, and sought immediate medical attention. *Id.* at ¶ 11.

On December 9, 2014, Plaintiffs filed the instant action based upon Defendant's alleged failure to install an "anti-tip bracket" on the rear foot of the cooking range. *Id.* at ¶¶ 13-15.  Plaintiffs alleged the lack of an anti-tip bracket created a latent and unreasonably dangerous condition that proximately

---

[2]   The Court recites the facts and draws all reasonable factual inferences in favor of Plaintiffs, who are the nonmoving party.

[3]   The complaint does not specify when Plaintiffs and Defendant entered the contract, when construction was complete, or when Plaintiffs moved into the house.  Defendant states in its amended answer that it entered a purchase agreement with Plaintiffs on November 18, 2006.  ECF No. 23 at 2.

caused Mr. Murray's injuries, and they asserted the following causes of action: (1) negligence and gross negligence; (2) negligent hiring, training, supervision, and retention; (3) negligence per se; (4) breach of contract; (5) breach of the implied warranty of merchantability; (6) violation of the South Carolina Unfair Trade Practices Act;[4] and (7) loss of consortium. *Id.* at ¶¶ 14-52. As part of their negligence per se claim, Plaintiffs attached to the complaint a copy of the manufacturer's installation instructions for the range.[5] *See id.* at ¶¶ 30-31; ECF No. 1-1 at 20 ("Exhibit B"). The instructions describe the anti-tip bracket, explain it must be "securely attached to the floor" and connected to the rear range foot, and contain a "Tip Over Hazard" warning that death or serious injury can occur if a user applies "too much force or weight to the open door without the anti-tip bracket fastened down properly." ECF No. 1-1 at 20.

Besides the above facts alleged in Plaintiff's complaint, Defendant has provided (in support of its motion for summary judgment) a copy of the certificate of occupancy for Plaintiffs' residence. ECF No. 27-2 at 4. The certificate of occupancy was issued on December 4, 2006—eight years and five days before Plaintiffs filed their complaint. *Id.*

## Discussion

Defendant moves for summary judgment on the ground that the South Carolina statute of repose bars this lawsuit because Plaintiffs' claims arise from a defective or unsafe condition of an improvement to real property. ECF No. 27-1 at 2-4. Defendant contends the cooking range was an improvement to real property and, relying on the certificate of occupancy, claims no factual dispute can exist as to the

---

[4]     S.C. Code Ann. §§ 39-5-10 to -560 (1985 & Supp. 2015).

[5]     Plaintiffs also attached a copy of Section E4001.2 of the International Residential Code for One and Two Family Dwellings, which states, "Appliances and equipment shall be installed in accordance with the manufacturer's installation instructions." ECF No. 1-1 at 19 ("Exhibit A").

4

date of substantial completion of the improvement—i.e., installation of the range—to Plaintiffs' residence. *Id.* at 2.

Conversely, Plaintiffs assert the statute of repose does not apply because the range was not an improvement to real property. ECF No. 28 at 2-5. Plaintiffs maintain that because the range was not affixed to the floor with an anti-tip bracket, the range was not permanent and therefore did not constitute an improvement under *South Carolina Pipeline Corp. v. Lone Star Steel Co.*, 345 S.C. 151, 546 S.E.2d 654 (2001). *Id.* at 2-5.

Section 15-3-640, the statue of repose at issue here, requires that a personal injury action based on the defective or unsafe condition of an improvement to real property be brought no later than eight years following substantial completion of the improvement. S.C. Code Ann. § 15-3-640 (Supp. 2015). The statute provides in relevant part:

> No actions to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property may be brought more than eight years after substantial completion of the improvement. For purposes of this section, an action based upon or arising out of the defective or unsafe condition of an improvement to real property includes: . . . (3) an action to recover damages for personal injury, death, or damage to property; . . . [and] (9) an action against owners or manufacturers of components, or against any person furnishing materials, or against any person who develops real property, or who performs or furnishes the design, plans, specifications, surveying, planning, supervision, testing, or observation of construction, or construction of an improvement to real property, or a repair to an improvement to real property.
>
> This section describes an outside limitation of eight years after the substantial completion of the improvement, within which normal statutes of limitations continue to run.
>
> . . . .
>
> For any improvement to real property, a certificate of occupancy

> issued by a county or municipality, in the case of new construction or completion of a final inspection by the responsible building official in the case of improvements to existing improvements, shall constitute proof of substantial completion of the improvement under the provisions of Section 15-3-630, unless the contractor and owner, by written agreement, establish a different date of substantial completion.

S.C. Code Ann. § 15-3-640 (Supp. 2015). The purpose of section 15-3-640 is to confer a substantive right on developers to be exempt from liability after a certain time period. *Holly Woods Ass'n of Residence Owners v. Hiller*, 392 S.C. 172, 182, 708 S.E.2d 787, 793 (Ct. App. 2011); *see also Langley v. Pierce*, 313 S.C. 401, 404, 438 S.E.2d 242, 243 (1993) ("A statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time."). Unlike a statute of limitations, a statute of repose creates an "an absolute time limit beyond which liability no longer exists and is not tolled for any reason because to do so would upset the economic balance struck by the legislative body." *Capco of Summerville, Inc. v. J.H. Gayle Const. Co.*, 368 S.C. 137, 142, 628 S.E.2d 38, 41 (2006).

A court must determine whether an addition to real property constitutes an "improvement to real property" on a case-by-case basis. *S. Carolina Pipeline Corp. v. Lone Star Steel Co.*, 345 S.C. 151, 155, 546 S.E.2d 654, 657 (2001). In *South Carolina Pipeline*, the Supreme Court of South Carolina set forth three criteria for determining whether an addition is an "improvement" as defined by section 15-3-640: a court must consider whether the addition (1) made the property more valuable, (2) involved the investment of labor and money, and (3) was permanent. *Id.* Regarding the permanence factor, a court must evaluate whether the addition has "a lengthy useful life." *Id.*; *see also id.* at n.3 ("Permanence is necessarily a relative term when applied to improvements, since no improvement, whether the Tower of Pisa or the Pyramids at Giza, is truly permanent. They do, however, have 'lengthy useful lives'—as

6

set forth in the preamble to § 15-3-640.").

In the instant case, neither Defendant nor Plaintiffs dispute the obvious fact that the cooking range increased the value of Plaintiffs' residence and required the investment of labor and money. Only the third criterion—whether the range was permanent—from *South Carolina Pipeline* is in dispute. Whereas Defendant contends the range was a permanent addition, Plaintiffs argue the appliance was "generally intended to be moved" and "merely plugged into the wall." *Compare* ECF No. 27-1 at 3 *and* ECF No. 29 at 2-5, *with* ECF No. 28 at 5. Plaintiffs assert their action arises from Defendant's failure to affix the range to the real property, and they point out "the oven's tipping movement resulted from ***not*** being connected, affixed, integrated, or otherwise incorporated to the real property." ECF No. 28 at 4.

The parties have not cited and the Court has not located any South Carolina state cases addressing whether a kitchen or other household appliance (much less a cooking range) constitutes an improvement to real property as contemplated by section 15-3-640. That is because, as another judge in this district has recognized, "[t]he courts of South Carolina have had relatively few opportunities to interpret and apply the statute of repose in the context of improvements to real property." *Ervin v. Cont'l Conveyor & Equip. Co.*, 674 F. Supp. 2d 709, 713 (D.S.C. 2009). In *Ervin*, the district court conducted an exhaustive survey of the four South Carolina state cases applying the statute of repose in the context of improvements to real property. *See* 674 F. Supp. 2d at 713-15. The district court summarized *South Carolina Pipeline*, *Broome v. Truluck*, 270 S.C. 227, 241 S.E.2d 739 (1978), *Ocean Winds Corp. of Johns Island v. Lane*, 347 S.C. 416, 556 S.E.2d 377 (2001), and *Florence County School District # 2 v. Interkal, Inc.*, 348 S.C. 446, 559 S.E.2d 866 (Ct. App. 2002)). *See Ervin,* 674 F. Supp. 2d at 713-15. All four cases involved additions ultimately construed to be improvements to real

property: an underground gas pipeline, a garage door at a car dealership, windows installed in condominium units, and bleachers in a high school gym. Such items "clearly fall within the boundaries of the statute of repose." *Ervin*, 674 F. Supp. 2d at 715.

*Ervin* involved an industrial conveyor system at a cotton mill. *Id.* at 711-12. Noting the conveyor in question "tests the parameters of the statute of repose," the district court found the conveyor was not permanent in light of the factual circumstances unique to the case—for example, the movability and physical characteristics of the conveyor—even though it had been affixed to the floor and hardwired into the mill's electrical system. *Id.* at 716, 720-22. The district court concluded that "[a]lthough a close question of law," the conveyor was not a permanent improvement to real property within the meaning of the statute of repose. *Id.* at 722.

Turning to the instant case, the Court remains mindful that "[w]hether an addition to real property constitutes an improvement requires a case by case determination," *S. Carolina Pipeline*, 345 S.C. at 155, 546 S.E.2d at 657, and reiterates that no South Carolina court has been called upon to decide whether the installation of an electrical kitchen appliance constitutes an improvement to real property under section 15-3-640.[6] Plaintiffs argue the range was not permanent because it was moveable and attached to the wall only by an electrical cord, but Defendant asserts movability does not negate permanence. However, Defendant cites no authority—either from South Carolina or any other jurisdiction—that states a plugged-in cooking range or other similar kitchen appliance (bracketed down or not) constitutes a permanent improvement to real property.[7] Furthermore, the Court notes discovery

---

[6] The Court also emphasizes South Carolina state court decisions interpreting section 15-3-640—namely, *South Carolina Pipeline*—guide the analysis of whether an addition to real property constitutes an improvement.

[7] The only evidence Defendant has submitted in support of its motion for summary judgment is the certificate of occupancy (and an affidavit attesting to the certificate's authenticity) for Plaintiffs' residence, which in no way resolves the issue of whether the cooking range constitutes a permanent improvement to real property.

8

is still ongoing,[8] and no materials have been filed with the Court resolving the factual issue of whether the anti-tip bracket was or was not installed. Based on these considerations, the Court will deny Defendant's motion for summary judgment.[9]

## Conclusion

For the reasons stated above, the Court **DENIES** Defendant's motion for summary judgment [ECF No. 27].

**IT IS SO ORDERED.**


Florence, South Carolina                                          s/ R. Bryan Harwell
December 30, 2015                                                 R. Bryan Harwell
                                                                  United States District Judge

---

[8] The parties recently filed a consent second amended scheduling order, which extended the discovery deadline to May 1, 2016. *See* ECF No. 41 at ¶ 4. The previous discovery deadline was October 26, 2015. *See* ECF No. 17 at ¶ 8.

[9] Because the Court is denying Defendant's motion for summary judgment, it declines to address Plaintiff's remaining arguments in opposition.

9